# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| WARREN HESTER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:07-0891 |
| ) | |
| BECKLEY REGISTER HERALD, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 14, 2007, Plaintiff, acting *pro se* and incarcerated Mount Olive Correctional Complex [MOCC], in Mt. Olive, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff names the following as Defendants: Beckley Register Herald; WOAY-TV, a television station and broadcasting company; and Audrey Stanton, reporter for the Beckley Register Herald. Plaintiff alleges that Defendants violated his right to privacy by illegally publishing information from his juvenile court record. Specifically, Plaintiff states as follows:

> **4. STATEMENT OF CLAIM:** Audrey Stanton (reporter, Beckley Register Herald), WOAY-TV (Oak Hill), and the Beckley Register Herald are accessaries after the fact, of illegally opening to the public the Plaintiff's identity in conjunction with his District of Columbia and Cuyahoga County (State of Ohio) juvenile court record in January, 2007. Audrey Stanton, Beckley Register Herald, and WOAY-TV (Oak Hill) wrote/published articles and broadcasted reports detailing facts about the Plaintiff's juvenile court records, while inducing the Plaintiff's and his family's identity in conjunction with the Plaintiff's illegally published/reported juvenile court records. Which is highly illegal (i.e. publishing articles/broadcasting reports affiliating the plaintiff's and his family's identity with the Plaintiff's District of Columbia and Cuyahoga County (State of Ohio) juvenile court record. The

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> aforementioned actions the named Defendants committed, are violations of the Plaintiff's United States Constitutional Rights/Protection (i.e. Civil Rights/Civil Liberties) and are illegal under the United States of America (Federal), State of West Virginia, District of Columbia, and State of Ohio law.
>
> **5. RELIEF:** I would like this Noble Court to order the Beckley Register-Herald, Audrey Stanton, and WOAY-TV (1) to stop reporting, printing, reprinting, broadcasting, or rebroadcast any articles or reports concerning the Plaintiff's District of Columbia and Cuyahoga County (State of Ohio) juvenile court record and/or any information concerning the Plaintiff's said juvenile court records, that would lead to identifying the Plaintiff or his family. (2) The Plaintiff would like the Court to order the said Defendants to remove and/or redact, conceal, cover-up, mask, or camouflage information concerning and pursuant to the Plaintiff's District of Columbia and Cuyahoga County (State of Ohio) juvenile court records, that would identify the plaintiff or his family, from the Beckley Register Herald, WOAY-TV (Oak Hill) archives, and any other public archives within the State of West Virginia (e.g. libraries, video tapes, and internet websites within the State of West Virginia, emphasis on Beckley Register Herald website.) (3) The Plaintiff would also like the Court to order the Beckley Register Herald and WOAY-TV (Oak Hill), to pay the Plaintiff 5 million dollars and Audrey Stanton to pay the Plaintiff 2.5 million dollars, for the horrible United States Constitutional and State law violations the said Defendant has caused the Plaintiff, along with emotional and psychological suffering.

(Document No. 1, pp. 4 - 5.)

On June 3, 2008, Plaintiff filed a "Motion to Amend the Plaintiff's Pleadings and Clarify the Plaintiff's Intent for Filing said Complaint." (Document No. 12.) In his Motion, Plaintiff sought to clarify that he is "suing Defendant WOAY-TV along with the Thomas Broadcasting Company of West Virginia, who in fact owns and operates WOAY-TV." (Id., p. 1.) Plaintiff states that he is requesting "the same injunctive and monetary relief from the Thomas Broadcasting Company of West Virginia, as the Plaintiff has asked from WOAY-TV in his original complaint of the above named Defendant." (Id., pp. 1 - 2.) Plaintiff further clarifies that "he is not suing the named Defendants under the color of state law, he is suing each Defendant in their Individual and Official Capacity for injunctive and monetary relief/damages." (Id., p. 2.) By separate Order entered this day,

the Court has granted Plaintiff's above Motion to Amend.

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.[2]

---

[2] On June 26, 2007, Plaintiff filed a Section 1983 action in the United States District Court for the Southern District of West Virginia alleging a violation of his constitutional rights. (Case No. 5:07-0401, Document No. 1.) Plaintiff named the following as defendants: (1) State of West Virginia; (2) Judge John Hutchison; and (3) Kristen L. Keller, Assistant Prosecutor. (*Id.*) Specifically, Plaintiff alleged that the defendants violated his constitutional rights by disclosing his juvenile record. (*Id.*) United States Magistrate Judge Stanley submitted her Proposed Finding and Recommendation on July 29, 2008, recommending dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (*Id.*, Document No. 53.) Specifically, Judge Stanley concluded that "there is no recognized substantive or procedural due process right to privacy in juvenile records."(*Id.*) On August 6, 2008, Plaintiff timely filed his objections. (*Id.*, Document No. 54.) By Memorandum Opinion and Order entered on September 18, 2008, United States District Judge Thomas E. Johnston adopted Judge Stanley's recommendation and dismissed Plaintiff's case. (*Id.*, Document Nos. 56 and 57.)

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff alleges that the above Defendants violated his constitutional rights by publishing articles or broadcasting reports allegedly containing information from his juvenile court record. The undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted. Under Section 1983, liability attaches only to conduct occurring under color of State law. Conduct constituting State action under the Fourteenth Amendment satisfies this requirement. Lugar v. Edmondson Oil Co., 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct constitutes State action only if it is "fairly attributable to the State." Id. at 937, 102 S.Ct. 2744; see also Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a State actor. This may be because he is a State official, because he has acted

together with or has obtained significant aid from State officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937, 102 S.Ct. 2744. Defendants' alleged misconduct of printing or broadcasting information contained in Plaintiff's juvenile record, does not constitute private conduct "fairly attributable to the State" under the above test. Thus, the Defendants are not a State actors, and therefore Plaintiff's claim against them does not fall under Section 1983. Rather, it amounts to a tort claim of libel or slander under West Virginia law. See *Wilson v. Daily Gazette Co.*, 214 W.Va. 208, 588 S.E.2d 197 (2003). Viewing Plaintiff's claims against the Defendants as constituting a tort claim of libel or slander under West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has original jurisdiction.[3]

### PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby FILED, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date

---

[3] The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." *United Mineworkers of America v. Gibbs*, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.)

of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: March 5, 2009.

R. Clarke VanDervort
United States Magistrate Judge

6