**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

WARREN HESTER, II,

                Plaintiff,

v.                                          CIVIL ACTION NO. 5:07-cv-00891

BECKLEY REGISTER HERALD, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Complaint [Docket 1]. By Standing Order entered on August 1, 2006, and filed in this case on December 14, 2007, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). On March 5, 2009, Magistrate Judge VanDervort filed his PF&R [Docket 16], recommending that the Court dismiss Plaintiff's Complaint and remove the matter from the Court's docket.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual background and procedural history is set forth in the PF&R. Relevant to this Court's consideration, on December 14, 2007, Plaintiff filed a Complaint [Docket 1] naming Beckley Register Herald, WOAY-TV, and Audrey Stanton, a reporter for the Beckley Register Herald, as defendants.[1] Plaintiff alleges that Defendants "are accessories after the fact, of illegally

---

[1] On March 5, 2009, the magistrate judge entered an Order [Docket 15], permitting Plaintiff to add

(continued...)

opening to the public the Plaintiff's identity in conjunction with his District of Columbia and Cuyahoga County [, Ohio] juvenile court record in January, 2007." (Docket 1 ¶ 4.) Specifically, Plaintiff claims that Defendants "wrote/published articles and broadcasted reports detailing facts about Plaintiff's juvenile court records." (*Id.*). Plaintiff asserts that Defendants' actions "are violations of the Plaintiff's United States Constitutional Rights/Protections (i.e. Civil Rights/Civil Liberties) and are illegal under the United States of America (Federal), State of West Virginia, District of Columbia, and State of Ohio [l]aw." (*Id.*)

## II. STANDARD OF REVIEW

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing the portions of the PF & R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

---

[1](...continued)
Thomas Broadcasting Company of West Virginia, who allegedly owns and operates WOAY-TV, as a defendant.

Objections to the PF&R were due in this case by March 20, 2009, and Plaintiff timely filed his Objections [Docket 17] on March 16, 2009.

### III. ANALYSIS

The Court will review de novo those portions of the PF&R to which those objections are addressed.

#### A. Plaintiff's First Objection: Original Jurisdiction

In the PF&R, the magistrate judge interpreted Plaintiff's claims to be pursuant to 42 U.S.C. § 1983. The magistrate judge determined that because Defendants are not state actors, Plaintiff's claim does not fall under Section 1983 but is rather a tort claim under West Virginia law. As such, the magistrate judge found that the Court does not have jurisdiction over Plaintiff's claims because (1) the Court does not have original jurisdiction over state law claims, and (2) the Court does not have supplemental jurisdiction over the state law claims because Plaintiff failed to state another claim for which relief could be granted over which the Court has original jurisdiction.

Plaintiff alleges that the magistrate judge erred in this determination because Defendants' actions constitute constitutional violations for which the Court may grant relief under the Court's original jurisdiction. Specifically, Plaintiff argues that Defendants have violated the Fourteenth Amendment; the Full Faith and Credit Clause, U.S. Const. art. IV, § 1; the Privileges and Immunities Clause, U.S. Const. art. IV, § 2; and the Supremacy Clause, U.S. Const. art. VI. However, as the magistrate judge found, and Plaintiff does not dispute, Defendants are private actors. The Fourteenth Amendment applies only to state action and not to private conduct. *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 295 (2001); *see also Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991) ("With a few exceptions, such as the provisions of the

Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities."). Therefore, Plaintiff has no colorable claim under the Fourteenth Amendment against Defendants. In addition, upon review of Plaintiff's complaint, the Court **FINDS** that Plaintiff has made no arguments that could be construed as claims under the Full Faith and Credit Clause, the Privileges and Immunities Clause or the Supremacy Clause. As such, the Court **FINDS** that Plaintiff has no claims against Defendants for which relief can be granted arising under the Constitution. Accordingly, Plaintiff's first objection is **OVERRULED**.

*B. Plaintiff's Second Objection: 28 U.S.C. § 1343*

Plaintiff claims that the magistrate judge erred in his recommendation that the Court "dismiss the Petitioner's Civil Action Complaint of 28 [U.S.C.] § 1343, under the guidelines of 42 [U.S.C.] § 1983." (Docket 17 at 8.) For purposes of jurisdiction, Plaintiff relies upon 28 U.S.C. § 1343(1), (2), and (4), which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> . . . .
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

42 U.S.C. § 1343(1), (2), & (4) (2001). Section 1343 is the jurisdictional counterpart to civil rights statutes enacted after the civil war. *Nouse v. Nouse*, 450 F.Supp. 97, 99 (D.C. Md. 1978). "In order

4

for jurisdiction to exist under section 1343, a complaint must at a minimum seek recovery under one of the substantive statutes to which section 1343 relates." *Id.* Plaintiff alleges a cause of action under 42 U.S.C. § 1985(3), claiming that Defendants conspired to deprive him of constitutional rights. Section 1985(3) "prohibits two or more persons from conspiring to deprive another of equal protection of the laws or of equal privileges and immunities under the laws." *Ballinger v. North Carolina Agr. Extension Service*, 815 F.2d 1001, 1006–7 (4th Cir. 1987). To come within the scope of section 1985(3),

> a complaint must allege that the defendants did (1) "conspire . . ." (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of (the) conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1333 (4th Cir. 1976) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). The Court need not look further than the first element required for colorable complaint under section 1985(3). To have conspired, Defendants would have needed to enter into "an agreement to commit an unlawful act." *United States v. Recio*, 537 U.S. 270, 274 (2003) (quoting *Iannelli v. United States*, 420 U.S. 770, 777 (1975)). Nothing in Plaintiff's complaint suggests that Defendants entered into any type of agreement, much less one to deprive Plaintiff of his constitutional rights. Thus, Plaintiff's claims do not come within the scope of section 1985(3).

Plaintiff has not alleged a violation of any other substantive federal statute to which section 1343 relates nor does the Court find that plaintiff's allegations arise under such statute; therefore, this Court does not have original jurisdiction under section 1343. Accordingly, Plaintiff's second

objection is **OVERRULED**. Because Plaintiff has presented no claims for which relief may be granted over which this Court has original jurisdiction, the Court declines to assert supplemental jurisdiction over any state law claims that Plaintiff seeks to raise. *See* 28 U.S.C. § 1367(c)(3).

*IV. CONCLUSION*

Based on the foregoing analysis, Plaintiff's Objections [Docket 17] are **OVERRULED**. The Court therefore **ADOPTS** the PF&R [Docket 16], **DISMISSES** Plaintiff's Complaint [Docket 1], and **DIRECTS** the Clerk to remove the matter from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 8, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE